**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MATTHEW A. JONES,
   Appellant,

  v.

UNITED STATES POSTAL SERVICE,
   Agency.

DOCKET NUMBER
CH-0752-15-0610-I-2

DATE: November 16, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

William Simpson, Esquire, Philadelphia, Pennsylvania, for the appellant.

Miriam Dole, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained his demotion from Supervisor of Customer Service to Level 5 Mail Handler Equipment Operator. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The following facts, as further detailed in the initial decision, are not disputed.  The appellant was a Supervisor of Customer Service at the agency's Newmarket Station in Canton, Ohio.  *Jones v. U.S. Postal Service*, MSPB Docket No. CH-0752-15-0610-I-1, Initial Appeal File (IAF), Tab 1 at 1; *Jones v. U.S. Postal Service*, MSPB Docket No. CH-0752-15-0610-I-2, Appeal File, Tab 14, Initial Decision (ID) at 2.[2]  In December 2014, while off-duty, the appellant sent a coworker in the same position a number of text messages.  ID at 2-3.  Among other things, the appellant's messages proposed that they have sex.  *Id.*  The messages persisted even after this coworker responded by stating that she was not interested.  *Id.*  As a result, the agency proposed the appellant's removal for "improper conduct."  ID at 3-4.  The appellant responded, in part alleging that he was under the influence of prescription medications at the time of his conduct. IAF, Tab 11 at 19, 25-26.  The deciding official sustained the charge but reduced

---

[2] Below, the administrative judge granted the appellant's request and dismissed the initial appeal without prejudice for automatic refiling at a later date, resulting in the two docket numbers associated with this one matter.  IAF, Tab 21, Initial Decision; ID at 4.

the penalty, demoting him to a Level 5 Mail Handler Equipment Operator. *Id.* at 19-22; ID at 4.

¶3 The appellant filed the instant appeal alleging, inter alia, that the demotion was an unreasonable penalty because he was under the influence of prescribed medications during the alleged misconduct. IAF, Tab 1 at 2-3. At a prehearing conference, he stipulated to sending the text messages and waived any affirmative defenses. IAF, Tab 16. The administrative judge held the requested hearing and sustained the demotion. ID at 11. The appellant has filed a petition for review. *Jones v. U.S. Postal Service*, MSPB Docket No. CH-0752-15-0610-I-2, Petition for Review (PFR) File, Tabs 1-2. The agency has filed a response. PFR File, Tab 4.

¶4 In his petition, the appellant does not dispute that he sent the messages or that they were inappropriate. PFR File, Tab 1 at 3. Instead, he seems to reassert that the penalty was unreasonable because he was in a compromised mental state when he sent the messages. *Id.*; IAF, Tab 1 at 2-3. According to the appellant, he has spontaneous blackouts with memory loss, during which he reportedly says and does things but is unaware of his own words and actions. PFR File, Tab 1 at 3. He further asserts that his previous representative erred by failing to submit medical records showing that he is prescribed Valium, which has side effects including memory loss. *Id.* The appellant also alleges that he is physically unable to perform the position to which he was demoted. *Id.* We find no merit to these arguments.

¶5 When, as here, all of the agency's charges have been sustained, the Board will review an agency's imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *See Portner v. Department of Justice*, 119 M.S.P.R. 365, ¶ 10 (2013), *overruled on other grounds by Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶ 17. The Board will modify a penalty only when

it finds that the agency failed to weigh the relevant factors or that the penalty the agency imposed clearly exceeded the bounds of reasonableness. *Id.*

¶6 The administrative judge found that the deciding official considered the relevant factors and the chosen demotion did not exceed the bounds of reasonableness. ID at 7-11. Accordingly, she declined to modify the penalty. *Id.* Among other things, the administrative judge found that the demotion was a reasonable penalty given the nature and seriousness of the misconduct, the appellant's higher standard of conduct as a supervisor, and his limited rehabilitation potential, as reflected by his various responses to the misconduct. *Id.* We agree.

¶7 Throughout the agency's investigation and the instant appeal, the appellant has provided a number of explanations for his grossly inappropriate text messages. IAF, Tab 11 at 54. The appellant has alleged that he was not interested in his coworker and merely sent the messages to address rumors that they already were engaged in a sexual relationship. *Id.* at 19, 25-26. The appellant also, at times, has suggested that he did not believe the messages were inappropriate or unwanted due to the existing relationship he had with the recipient and their prior interactions. IAF, Tab 1 at 2-3, Tab 11 at 36-37. However, when confronted with the messages during the agency's investigation, the appellant described being "shocked and offended" by his own words. IAF, Tab 15 at 6.

¶8 Alternatively, the appellant asserted that the chain of text messages included in the record is incomplete because, as part of the same conversation, he also sent texts that said "I am not sexually harassing you." *Id.* Yet, he reportedly has no memory of the more explicit messages sent at the same time because he was in a Valium-induced blackout. IAF, Tab 1 at 2-3, Tab 15 at 6-7. As the administrative judge recognized, the appellant has essentially asked the Board to believe that he blacked out only at the times the inappropriate messages were

written and sent but not when he responded with the messages he says are missing.  ID at 9.

¶9        Although the appellant has reasserted the alleged Valium-induced blackouts and memory loss on review, we agree with the administrative judge's conclusion that his allegations do not warrant modifying the agency's chosen penalty.  ID at 8-11; *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  The deciding official considered the appellant's allegation that he was under the influence of prescription medications when she rendered her decision.  IAF, Tab 11 at 19, 21.  Nevertheless, she found that this did not warrant further mitigation of the penalty, noting that the appellant failed to present any corroborating evidence.  *Id.*

¶10       The record before us is similarly devoid of any corroborating evidence, such as medical records, to support the appellant's bare assertion.  PFR File, Tab 1 at 3, Tab 2 at 3.  Without any such evidence, the appellant's claims are inherently improbable and inconsistent.  *See generally Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (recognizing that pertinent credibility factors include, inter alia, any prior inconsistent statements, the absence of corroborating evidence, and the inherent improbability of the witness's version of events).  Further, to the extent that he attributes this absence of corroborating evidence to his representative, it is well-settled that an appellant is responsible for the errors of his chosen representative.  *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

¶11       For the same reason, the appellant's alleged medical inability to perform the position to which he was demoted also fails.  PFR File, Tab 1 at 3; IAF, Tab 15 at 7-8.  Aside from his bare assertions, the appellant has not presented any

evidence that he is medically unable to perform the duties of a Level 5 Mail Handler Equipment Operator.

¶12    Accordingly, we affirm the initial decision, sustaining the appellant's demotion.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.